**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-7435**

---

AKINBOBOLA AKINKOYE,

Petitioner - Appellant,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (CA-01-1000-AM)

---

Submitted:  March 17, 2004          Decided:  May 14, 2004

---

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Alex Chanthunya, Silver Spring, Maryland, for Appellant. Paul J. McNulty, United States Attorney, S. Kathleen Pepper, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Akinbobola Akinkoye appeals the district court's order denying relief on his 28 U.S.C. § 2241 (2000) petition. Finding no reversible error, we affirm.

On appeal, Akinkoye first contends that the district court erred in dismissing his due process claim and claims that he was deprived of the right to file a brief in support of his appeal before the Board of Immigration Appeals ("Board"). In order to succeed on a procedural due process claim, Akinkoye must make a showing of prejudice. See Rusu v. INS, 296 F.3d 316, 324 (4th Cir. 2002); Farrokhi v. INS, 900 F.2d 697, 703 n.7 (4th Cir. 1990). We may find prejudice only "when the rights of [an] alien have been transgressed in such a way as is likely to impact the results of the proceeding." Rusu, 296 F.3d at 320-21 (internal quotations and citation omitted). Akinkoye filed a detailed one and a half page statement with his Notice of Appeal in which he set forth his reasons for appeal. The Board addressed each of Akinkoye's claims in its order of October 4, 2000. Akinkoye has failed to identify any other issues that he would have raised had he filed a separate brief with the Board. We therefore find that he has failed to show that the absence of an appellate brief affected the outcome of his case and therefore fails to make the requisite showing of prejudice. Accordingly, we conclude that the district court did not err in dismissing this claim.

Akinkoye also claims that he is a national of the United States and thus is not an alien subject to removal proceedings. He claims that the district court erred in failing to address this claim in its opinion. Our review of the record reveals that Akinkoye did not raise this claim in his initial habeas petition and thus failed to properly present this claim to the district court. In any case, we note that the district court lacked jurisdiction to consider Akinkoye's nationality claim as such claims must be presented to this court in the first instance. See 8 U.S.C. § 1252(b)(5) (2000).

We therefore affirm the district court's order. We deny Akinkoye's motion for stay of removal. We dispense with oral argument because the facts and legal issues are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED